IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY D. PERSON, | ) | CASE NO. 5:18-CV-01374-JJH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | JUDGE JEFFREY J. HELMICK |
| WARDEN DAVID GRAY, | ) ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| Defendant. | ) ) ) ) | **REPORT & RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is the Petition of Larry D. Person ("Person" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Person was incarcerated at Belmont Correctional Institution at the time his Petition was filed. According to the Ohio Department of Rehabilitation and Correction ("ODRC") website, Person is no longer an inmate. ODRC, http://www.drc.state.oh.us (last visited March 18, 2020). He was released on January 8, 2019 and is currently on APA supervision until 2022. (*Id.*) Therefore, the "in-custody" requirement for habeas relief remains satisfied. *Friedlander v. Beightler*, No. 1:09CV2743, 2013 WL 1156493, at *5 n.1 (N.D. Ohio Mar. 20, 2013) (citing *Akrawi v. Booker*, 572 F.3d 252, 255 n.1 (6th Cir. 2009)).

For the following reasons, the undersigned recommends that the Petition be DISMISSED.

1

## I. Procedural History

**A. Trial Court Proceedings**

On March 9, 2015, the Summit County Grand Jury indicted Person on one count of aggravated possession of drugs in violation of O.R.C. § 2925.11(A)(C)(1). (Doc. No. 9-1, Ex. 1.) Person pled not guilty to the charge. (Doc. No. 9-1, Ex. 2.)

On June 10, 2015, the Summit County Grand Jury supplemented the indictment to add a major drug offender specification to the aggravated possession of drugs charge. (Doc. No. 9-1, Ex. 3.) Person pled not guilty to the supplement to the indictment. (Doc. No. 9-1, Ex. 4.)

On July 23, 2015, Person pled guilty to the charge with the major drug offender specification. (Doc. No. 9-1, Ex. 5.) The plea agreement did not include an agreed sentence. (*Id.*) The trial court accepted Person's plea and scheduled sentencing. (Doc. No. 9-1, Ex. 6.)

On October 31, 2016, Person withdrew his guilty plea and the trial court set the case for a bench trial in December 2016. (Doc. No. 9-1. Ex. 7.)

On January 19, 2017, Person pled guilty to an amended charge of aggravated possession of drugs as a felony in the second degree and without a major drug offender specification. (Doc. No. 9-1, Ex. 8.) The plea agreement included an agreed two-year sentence. (*Id.*) The plea agreement contained an "Appellate Rights" section, informing Person, in pertinent part: he would lose certain appellate rights by pleading guilty; by pleading guilty he waived his right to appeal any issues that might have been raised had he gone to trial and been convicted; and he had thirty (30) days after sentencing to file an appeal. (*Id.*) The trial court accepted Person's guilty plea, finding it was voluntarily made with a full understanding of the consequences, and found Person guilty of the offense. (Doc. No. 9-1, Ex. 9.) The trial court dismissed the major drug specification and sentenced Person to a prison term of two years with three years of post-release supervision. (*Id.*)

Person did not appeal this conviction or sentence.

**B.      Post-Conviction Filings**

On March 30, 2017, Person filed a post-conviction petition, setting forth a single ground for relief:

> 1. Evidence note 35 Ohio Constitution Art I section 10.
> Although violations of the rules of evidence during trial, singularly, may not rise to the level of prejudicial error, a conviction will be reversed where the cumulative effect of the error deprives a defendant of the constitution right to a fair trial. 509 N.E.2d 1256. Relief be that of vacation of the plea as the evidence for possession of drugs has no merit. The undercover officer gave the box undisclosed of contents to the defendant and removed the box from the defendant forcefully. The officer than proceeded to state the contents were something but place not as in the allegation a name to the product,"possession of drugs,"kind [sic] unknown to date.      "

(Doc. No. 9-1, Ex. 10.)  The State moved to dismiss the petition because Person pled guilty and signed a plea agreement, therefore admitting factual guilt and prohibiting him from challenging the evidence supporting the charge, Person did not appeal his conviction or sentence, and Person failed to include evidentiary materials which would overcome the *res judicata* bar.  (Doc. No. 9-1, Ex. 11.)  On April 11, 2017, the trial court summarily denied the petition.  (Doc. No. 9-1, Ex. 12.)

On April 28, 2017, Person moved for findings of fact and conclusions of law to support the trial court's ruling.  (Doc. No. 9-1, Ex. 13.)  On May 1, 2017, the trial court denied the motion.  (Doc. No. 9-1, Ex. 14.)

On September 13, 2017, the trial court reconsidered and supplemented its original order.  (Doc. No. 9-1, Ex. 15.)  The trial court found Person's sentence was journalized on January 20, 2017.  (*Id.*)  Person knowingly and intelligently had pled guilty with counsel present.  (*Id.*)  Person had not appealed his sentence.  (*Id.*)  The trial court held *res judicata* barred Person's claim because he failed to show how the claims in his petition could not have been brought on direct appeal based on the information in the record.  (*Id.*)  The trial court also found Person's claim unsubstantiated because he failed to include a supporting

3

affidavit. (*Id.*)

Person did not appeal.

**C.    Mandamus Action**

On August 29, 2017 (before the trial court supplemented its order), Person filed a writ of mandamus with the Ohio Supreme Court. (Doc. No. 9-1, Ex. 16.) In addition to requesting that the trial judge issue findings of fact and conclusions of law, or in the alternative a writ of habeas corpus, Person asserted deficiencies in his criminal case, including ineffective assistance of counsel:

>    3.    That Honorable Judge: be directed to show that an Evidentiary Hearing was healed [*sic*] on the alleged seizure of evidence of the drugs and that the Relator, is one who acquired possessory rights of the premises by title of occupancy.
>
>        \* \* \*
>
>    5.    That Honorable Judge: be directed to show that Relator, Larry- Person, signed his Signature; by full name on the alleged Certified Receipt that contained the alleged unknown package of drugs that arrived at the residence in which Relator was an occupant, being the gist of this complaint in question of the Relator's sentence and conviction. Whereas, alleged drugs was sent by U.S. Mail.
>
>    6.    That Honorable Judge: be directed to show that Relator, was present at the Evidentiary Hearing with attorney of record, Pat- Summers; and that the drugs in question was in Fact belonging to the Relator by Constructive Possession on the day of the incident and that she produce certified copies of document, i.e., transcripts of court's proceedings, journal entries of the alleged case in question of Case No.: <u>CR15020585</u>.
>
>    7.    That Honorable Judge: be directed to show that the alleged Warrant to search the residence was signed by the Authority of a Judge of the Common Pleas Court and or a Magistrate Judge, as required by the Criminal Statute of the O.R.C. 2933.21 and O.R.C. 2935.12, of clearly established State and Federal Laws that govern such procedures for the issue of warrants.
>
>    8.    That Honorable Judge: be directed to show that the Relator, Larry Person, did sign his lawful full signature on an alleged Affidavit that was made on his Oath and Affirmation, as required under clearly

4

>
> established of the O.R.C.2317.30 [sic], and clearly established State and Federal law, enforced the due process clause.
>
> * * *
>
> 27. Relator asserts that he was never fully advised by his attorney of record, Mr. Pat Summers, of his alleged charges for which he was unlawfully indicted for. And that furthermore, Mr. Pat Summers, unlawfully refused to lawfully advised [sic] and inform the relator, of his United States Constitutional rights and penalties, as provided under the relator's clearly established due process and equal protection rights and clearly established state and federal law.
>
> 28. Relator asserts that he was never present at a formal hearing with his attorney of record, Mr. Pat Summers, or the prosecutor for the State of Ohio, affording the relator "Notice" that he was the sole owner of the alleged drugs that is of question and issue of this complaint.
>
> 29. The Relator asserts that the Court's proceedings as above, was a silent proceeding which unlawfully deprived the Relator of all of his Statutory and United States Constitutional Rights, Article. [sic] 1, § 16, of the Ohio and the United States Constitution, enforced the Due Process clause of the Fourteenth Amendment to the Constitution of the United States. Relator claims that he was in a secretive and unlawful Court proceeding and now being deprived of a plain and adequate remedy in the ordinary course of law &, under Case No.: CR15020585.
>
> 30. The Relator's contentions is [sic] supported by the Courts Records of the Summit County Clerk of Courts, of Case No.: CR15020585, Which [sic] is attached as exhibit (B) where the court has refused to make and file Finding of Fact and Conclusion of Law, as required by O.R.C.§2953.21.
>
> * * *
>
> 32. Relator is requesting that Jill Flagg Lanzinger, Judge, produce the records of the journal entrys [sic] that was [sic] reduced to writings, where the Court held a [sic] evidentiary hearing on the evidence that pointed to the relator, while all parties was present with attorney of records as required by statute of clearly established state and federal law.

(*Id.*)

On September 19, 2017 (after the trial court issued its supplemental order), the respondent filed an answer to the writ, asserting the Complaint for Writ of Mandamus was defective as it was not brought in

5

the name of the State, the Complaint for Writ of Mandamus was moot as Person had an adequate remedy at law by way of appeal, and Person was not entitled to a writ of habeas corpus. (Doc. No. 9-1, Ex. 17.) That same day, the respondent filed a Motion for Judgment on the Pleadings. (Doc. No. 9-1, Ex. 18.) Person attempted to respond to the respondent's Motion for Judgment on the Pleadings, but the Clerk of the Supreme Court of Ohio rejected it as untimely. (Doc. No. 9-1, Ex. 19.) (*See also* Doc. No. 1-11.) On October 20, 2017, Person filed a "Judicial Notice," asserting he was "prejudiced by actions of the Prosecutor's office, and that of the institution's Mail Room." (Doc. No. 9-1, Ex. 19.) He alleged the Prosecutor's Office "will meter stamp out going mail, but hold it for days to prevent a timely reply." (*Id.*) In addition, Person asserted "mail placed in the institution's mail box, is often delayed days to over a week, because of staff shortages and delays in processing cash slips for postage." (*Id.*) Finally, Person maintained he "was further delayed by the closure of the institution's Library and Law Library, 4 out of 6 days for two straight weeks," resulting in his reply needing to be handwritten. (*Id.*)

On December 6, 2017, the Supreme Court of Ohio granted the respondent's Motion for Judgment on the Pleadings and dismissed the case. (Doc. No. 9-1, Ex. 20.)

**D.     Federal Habeas Petition**

On June 1, 2018,[1] Person filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**: See; [sic] the case history of the attached EXHIBIT: (A) noted of the case and facts of the defendant's case.
>
>> **Supporting Facts**: Petitioner asserts that the statement of facts are as follows: Defendant was leaving his place of employment when an officer handed him a package and requested that the package be signed for. Defendant signed for the package and placed the package in the foyer of the homeand [sic] turned to leave. Defendant was struck by the door as the Officers forced their entrance into the

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until June 18, 2018, Person states that he placed it in the prison mailing system on June 1, 2018. (Doc. No. 1 at 15.) Thus, the Court will consider the Petition as filed on June 1, 2018.

>  home of the defendant. No warrant was issued and no cause for force entry noted to the defendant. The officers unidentified open the package and declared a criminal action had occurred and the defendant would be placed under arrest for allegations of mail possession of illegal drugs or substances not allowed and were contraband. No name to date was given to the articles in the package. Please see CASE History of the Case: EXHIBIT: (A)

(Doc. No. 1.)

On August 8, 2018, Warden David Gray ("Respondent") filed his Return of Writ. (Doc. No. 9.) Person filed a Traverse on September 14, 2018. (Doc. No. 10.)

## II. Exhaustion and Procedural Default

**A.      Legal Standard**

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),( c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). A claim may become procedurally defaulted in two ways. *Id.* First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2] *Id.*

---

[2] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule."). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his

---

failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp. 2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S.722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Conclusory statements are not enough—a petitioner must "support

9

his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 497 F. App'x 473, 480 (6th Cir. 2012).

B.     **Application to Petitioner**

In his Petition, Person asserts he exhausted his sole ground for relief, which challenges the facts underlying his conviction, in the Supreme Court of Ohio. (Doc. No. 1 at 5.) Respondent argues that Person's sole ground for relief is unexhausted because he never filed a direct appeal challenging his conviction or sentence with the Ohio Court of Appeals. (Doc. No. 9 at 9.) As a result, Respondent "urges this Court to dismiss the petition, rather than hold the case in abeyance," as "Person has not satisfied the requirements under *Rhines* [*v. Weber*, 544 U.S. 269 (2005)]." (*Id.* at 10.) Person did not respond to this argument in his Traverse. (Doc. No. 10.)

Person did not appeal his conviction or sentence to the Ohio Court of Appeals. Instead, Person filed a post-conviction petition, setting forth a single ground for relief challenging the facts underlying his conviction. (Doc. No. 9-1, Ex. 10.) Person also did not appeal the trial court's denial of his petition for post-conviction relief. Rather, he filed a Complaint for Writ of Mandamus with the Supreme Court of Ohio, requesting the Supreme Court of Ohio direct the trial court to make findings of fact and conclusions of law and raising several alleged deficiencies in his criminal case, including ineffective assistance of counsel. (Doc. No. 9-1, Ex. 16.)

In an analogous case, a petitioner failed to appeal his conviction and instead filed a petition with the state trial court to set aside its judgment, as he claimed he had received ineffective assistance of

counsel when he decided to plead guilty. *Ortiz v. Wolfe*, 466 F. App'x 465, 465 (6th Cir. 2012).[3] There, the Sixth Circuit determined Ortiz "asked for federal habeas relief without first pursuing an appeal in the Ohio courts, so his claims are unexhausted and were properly dismissed." *Id.* at 466. As the Sixth Circuit explained:

> Defendants in Ohio normally have thirty days after sentencing to file an appeal. Ohio R.App. P. 4(A). But if a state appellate court finds that a prisoner had good cause for failing to appeal within the thirty-day window, that court can grant him the right to file a delayed direct appeal. Ohio R.App. P. 5(A). . . .
>
> * * *
>
> Under Rule of Appellate Procedure 5(A), Ohio courts have the discretion to permit a delayed direct appeal, no matter how long a prisoner has waited.

*Id.* at 466-67.

In *Ortiz*, the habeas petition was mixed; therefore, the district court and the Sixth Circuit undertook the analysis set forth in *Rhines* to determine whether the petition should be dismissed or stayed until Ortiz exhausted his state court remedies. *Id.* at 467. In contrast, Person presents only a single, unexhausted claim in his habeas petition and a stay under *Rhines* is inapplicable. *See Gatlin v. Clipper*, No. 5:13CV2434, 2014 WL 2743208, at *5 (N.D. Ohio June 17, 2014) ("In the instant matter, Gatlin raised only one ground for relief in his habeas petition . . . Either way, his petition is not a "mixed petition" that would permit the Court to apply the standard set forth in *Rhines* to consider whether to stay exhausted claims pending the resolution of unexhausted claims.") (collecting cases). Person must return to the Ohio courts before pursuing federal habeas relief. *Ortiz*, 466 F. App'x at 467.

Person's Complaint for Writ of Mandamus in the Supreme Court of Ohio does not change the analysis, as a writ of mandamus is not a substitute for direct appeal and availability of a direct appeal

---

[3] While Ortiz "attempted to appeal" the trial court's denial of his petition, "the Ohio Court of Appeals dismissed his claim because he did not pay the filing fee or file an affidavit of indigency." 466 F. App'x at 465.

11

forecloses availability of a writ of mandamus. *See, e.g., Olds v. State*, 2004-Ohio-1848, 2004 WL 765241, at *1 (Ohio Ct. App. Apr. 9, 2004) ("In considering this requirement in situations in which the relator has tried to use a mandamus action as a means of challenging his criminal conviction, we have held that a direct appeal from the conviction constitutes an adequate legal remedy which forecloses the issuance of a writ."); *Jordan v. Pike*, 2009-Ohio-2215, 2009 WL 1310975, at *1 (Ohio Ct. App. May 8, 2009) ("The right to a direct appeal is an adequate remedy at law."). *See also Gould v. Gibson*, 2013-Ohio-2842, 2013 WL 3367084, at *2 (Ohio Ct. App. June 28, 2013).

For the reasons set forth above, it is recommended the Court DISMISS Person's sole ground for relief as unexhausted.

### III. Waiver by Guilty Plea

Respondent also asserts that "by pleading guilty, Person has waived any challenge to the facts underlying his conviction, including issues related to whether he voluntarily took possession of the box and what the box contained." (Doc. No. 9 at 11.) Person did not respond to this argument in his Traverse. (Doc. No. 10.)

As the Supreme Court has made clear:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). *See also U.S. v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991) ("We hold that Pickett's failure to enter a conditional guilty plea prevents him from raising his arguments against his conviction upon appeal.").

12

As discussed *supra*, Person pled guilty to an amended charge of aggravated possession of drugs as a felony in the second degree and without a major drug offender specification. (Doc. No. 9-1, Ex. 8.) The plea agreement Person signed contained an "Appellate Rights" section, informing Person, in pertinent part: he would lose certain appellate rights by pleading guilty; by pleading guilty he waived his right to appeal any issues that might have been raised had he gone to trial and been convicted; and he had thirty (30) days after sentencing to file an appeal. (*Id.*) The plea agreement also contained the statement, "By pleading guilty, I admit that I committed the offense(s)." (*Id.*) In addition, the plea agreement stated, "I have either read this Written Plea of Guilty or it has been read to me, I understand it, and I wish to waive all of the rights set forth herein and voluntarily plead GUILTY to the charge(s) set forth herein." (*Id.*)

The trial court accepted Person's guilty plea, finding it was voluntarily made with a full understanding of the consequences, and found Person guilty of the charge. (Doc. No. 9-1, Ex. 9.)

Here, Person's sole ground for relief does not challenge the "voluntary and intelligent character of the guilty plea," but rather the facts underlying his conviction. But by pleading guilty and signing the plea agreement in this case, Person waived such challenges. Therefore, in addition to his claim being unexhausted, the undersigned recommends finding Person waived any challenge to the facts underlying his conviction by pleading guilty.

## IV. Non-cognizable Claims

Respondent argues further that Person's claims are non-cognizable on federal habeas review. (Doc. No. 9 at 11-12.) First, Respondent asserts, "Since the trial court lacks a constitutional duty to ensure that there is sufficient evidence to support a guilty plea, Person's claim is not cognizable on habeas corpus review." (*Id.* at 12.) Second, Respondent maintains that to the extent Person is claiming he is actually innocent, "a freestanding claim of actual innocence is not cognizable on habeas corpus review." (*Id.*)

As another court within this Circuit has explained:

13

> The requirement that the court establish a factual basis for a guilty plea is a creature of rule, not the federal Constitution. While Michigan Court Rule 6.302(D) and Federal Rule of Criminal Procedure 11 require that the court establish a factual basis for a plea of guilty or nolo contendere, under no circumstances is a factual basis required by the Constitution. *See United States v. Tunning,* 69 F.3d 107, 111 (6th Cir.1995); *United States v. McGlocklin,* 8 F.3d 1037, 1047 (6th Cir.1993) (en banc), *overruled on other grounds, Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *see also United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (a violation of FED. R.CRIM. P. 11 is neither constitutional nor jurisdictional). The state courts are not constitutionally required to establish a factual basis for an otherwise voluntary and intelligent plea. *See Alford,* 400 U.S. at 37–38; *Roddy,* 516 F.2d at 1385; *accord Meyers v. Gillis,* 93 F.3d 1147, 1152 (3d Cir.1996); *United States v. McGlocklin,* 8 F.3d 1037, 1047 (6th Cir.1993) (en banc) (implicitly overruled on other grounds by *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)). "*Alford* held that there is no constitutional bar to accepting a guilty plea in the face of an assertion of innocence, so long as a defendant voluntarily, knowingly, and understandingly consents to be sentenced on a charge. This being the rule, there is no constitutional requirement that a trial judge inquire into the factual basis of a plea." *Roddy,* 516 F.2d at 1385. Additionally, a state defendant has no constitutionally guaranteed right to withdraw a guilty plea. *See Carwile v. Smith,* 874 F.2d 382 (6th Cir. 1989). Consequently, the adequacy of the factual basis for Petitioner's guilty plea is not reviewable in habeas corpus.

*Clement v. Lafler*, No. 1:10-cv-849, 2010 WL 3942861, at *3 (W.D. Mich. Oct. 6, 2010). *See also Sanders v. Palmer*, No. 11-cv-15292, 2013 WL 3946007, at *5 (E.D. Mich. July 31, 2013) ("'[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution.'") (quoting *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995)). Therefore, as the Constitution does not require trial courts to determine whether a sufficient factual basis supports a guilty plea, Person's claim challenging the facts underlying his conviction is non-cognizable on federal habeas review.

To the extent Person claims he is actually innocent, the Sixth Circuit repeatedly has held that actual innocence is not cognizable as a free-standing habeas claim, particularly in the context of non-capital proceedings. *See Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007). *See also Thomas v. Perry*,

553 F. App'x 485, 486 (6th Cir. 2014) ("Thomas' freestanding claim of actual innocence based on newly discovered evidence is not cognizable on federal habeas review"); *Sitto v. Lafler*, 279 F. App'x 381, 382 (6th Cir. 2008) ("[W]e continue to adhere to the rule that a free-standing innocence claim is not cognizable for habeas review"); *Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that petitioner's claim is not entitled to relief under available Supreme Court precedent."); *Hoop v. Jackson*, No. 1:06-cv-603, 2015 WL 6735895, at *22 (S.D. Ohio Nov. 4, 2015) ("Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim."); *Carter v. Bradshaw*, No. 3:02CV524, 2015 WL 5752139, at *51 (N.D. Ohio Sept. 30, 2015); *Keenan v. Bagley*, No. 1:01 CV 2139, 2012 WL 1424751, at *48 n.28 (N.D. Ohio April 24, 2012); *Johnson v. Kelly*, No. 1:13 CV 1381, 2015 WL 1298711, at *11 (N.D. Ohio March 23, 2015) (adopting report and recommendation). Therefore, any freestanding actual innocence claim Person asserts is non-cognizable on federal habeas review.[4]

---

[4] Furthermore, any such actual innocence claim is "'seriously undermine[d]' by his guilty plea." *Gay v. State*, No. 3:19-cv-00610, 2020 WL 1332405, at *3 (M.D. Tenn. Mar. 23, 2020). As the Court explained further:

> "In *United States v. Broce*, [488 U.S. 563, 570 (1989)] the Supreme Court of the United States held that by pleading guilty, 'the accused is not simply stating that [the accused] did the discrete acts described in the indictment; [the accused] is admitting guilt of a substantive crime.'" *Id.* Thus, even if freestanding claims of actual innocence (as opposed to "gateway" claims of innocence through which the merits of an otherwise procedurally barred claim may potentially be reached) were cognizable on federal habeas review, Petitioner would be hard-pressed to overcome his guilty plea on the strength of the mere recantation of a domestic-violence victim. *See Mahaffey v. Scutt*, No. 12-CV-13743, 2014 WL 4206947, at *4 (E.D. Mich. Aug. 25, 2014) (discussing "extreme suspicion" and skepticism with which recantations are viewed in the context of domestic abuse).

*Id.* Here, Person does not offer any purported "new" evidence – rather, he challenges the facts underlying his conviction. The Court finds even if free-standing actual innocence claims were cognizable on federal

For the foregoing reasons, the undersigned also recommends finding Person's claims are non-cognizable.

## V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.

Date: April 2, 2020                                *s/ Jonathan Greenberg*
                                                   Jonathan D. Greenberg
                                                   United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**

---

habeas review, Person's assertions regarding the factual circumstances underlying his conviction do not overcome his guilty plea, considering such facts were known to him at the time he decided to plead guilty.